Robert J. Legate, Esq. (CSBN 94110)
RLegate@LegateLaw.com
Christina B. Yee, Esq. (CSBN 258421)
CYee@LegateLaw.com
LEGATE LAW CORPORATION
5000 Birch Street, Suite 405
Newport Beach, CA 92660
Telephone:   949-724-1770
Facsimile:    949-724-1717

Attorney for Plaintiff,
Betty Jo Goeden de Philippis

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA

| | |
|---|---|
| BETTY JO GOEDEN DE PHILIPPIS, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>MICHAEL SULLIVAN, an individual; CAPITAL RESEARCH GROUP, INCORPORATED D/B/A SIERRA FUNDS RECOVERY, INC., a Washington Corporation; GERALD F. GOEDEN, an individual; STUART J. WALD, an individual; and DOES 1 through 10, inclusive,<br><br>   Defendant. | CASE NO. **SACV12-574 CJC(MLGx)**<br>Assigned for All Purposes:<br><br>**COMPLAINT**<br>1.  **Breach of Contract**<br>2.  **False Promise**<br>3.  **Concealment**<br>4.  **Intentional Interference with Prospective Economic Relations**<br>5.  **Negligent Interference with Prospective Economic Relations**<br>6.  **Professional Negligence**<br>7.  **Conversion**<br>8.  **Conspiracy** |

   Plaintiff, BETTY JO GOEDEN DE PHILIPPIS (hereinafter "PLAINTIFF"), alleges as follows:

## I.

## VENUE AND SUBJECT MATTER JURISDICTION

   1.   This is an action for breach of contract, negligence, fraud, professional negligence, conversion and conspiracy. This Court has original subject matter jurisdiction, under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000 and is between citizens of different states.

COMPLAINT

2. Venue is proper in this Judicial District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District by reasons of the Defendants' conduct as alleged below.

## II.

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff, BETTY JO GOEDEN DE PHILIPPIS (hereinafter "PLAINTIFF"), is an individual doing business in the County of Orange, State of California. All communications between PLAINTIFF and Defendants were conducted and/or occurred in the County of Orange, State of California.

4. On information and belief, Defendant, MICHAEL SULLIVAN (hereinafter "SULLIVAN"), is an individual residing in City of Kenmore, King County, State of Washington.

5. On information and belief, Defendant CAPITAL RESEARCH GROUP, INCORPORATED is a Washington corporation doing business as SIERRA FUNDS RECOVERY, INC. (hereinafter "SIERRA FUNDS"), with its principal place of business in Bothell, Washington at 10123 Main Place, Suite B.

6. On information and belief, Defendant GERALD F. GOEDEN (hereinafter "GOEDEN"), is an individual residing in the City of Las Vegas, Clark County, State of Nevada.

7. On information and belief, Defendant STUART J. WALD (hereinafter "WALD"), is an individual residing in the City of Murrieta, Riverside County, State of California.

8. This Court has personal jurisdiction over Defendants because they conducted substantial business within this district, and initiated contact with PLAINTIFF, a California resident thereby availing themselves to the jurisdiction of this Court. PLAINTIFF's harm arises out of Defendant's conduct within this district.

## III.

## FACTS

9. On May 19, 1962, PLAINTIFF and Defendant, GOEDEN were married.

- 2 -
COMPLAINT

10. In and around June 1977 The Goeden Company was incorporated in the State of California, by PLAINTIFF and GOEDEN. PLAINTIFF served as the Secretary and Treasurer of The Goeden Company, from the time of its incorporation until it was suspended in May of 1984.

11. The Goeden Company filed a Chapter 11 bankruptcy in United States Bankruptcy Court, Central District of California, Los Angeles Division on January 16, 1984, with the final decree entered on December 1, 1984.

12. Irreconcilable differences having arisen between PLAINTIFF and GOEDEN, they were divorced on July 7, 1988, eleven (11) years after The Goeden Company was incorporated. The divorce settlement agreement was silent as to the division of The Goeden Company, despite it being a community property asset.

13. On October 20, 2010, PLAINTIFF was contacted by telephone by Defendant, SULLIVAN, as agent and representative of Defendant, SIERRA FUNDS. During this conversation, SULLIVAN informed PLAINTIFF that there were unclaimed funds stemming from the Chapter 11 bankruptcy of The Goeden Company. SULLIVAN informed PLAINTIFF that he and SIERRA FUNDS could recover the funds that were unclaimed by creditors during The Goeden Company bankruptcy, approximately $503,000.00. PLAINTIFF informed SULLIVAN and SIERRA FUNDS that The Goeden Company had been incorporated during marriage, but that she and Defendant GOEDEN had since divorced. SULLIVAN further informed PLAINTIFF that she and her ex-husband, GOEDEN, were the successors in interest and therefore entitled to the unclaimed funds. During the conversation, PLAINTIFF gave SULLIVAN her ex-husband, GOEDEN's, personal contact information so that SULLIVAN and SIERRA FUNDS could contact GOEDEN, personally.

14. On October 20, 2010, following their telephone conversation, SULLIVAN and PLAINTIFF confirmed their conversation in emails. SULLIVAN informed PLAINTIFF, in writing, that GOEDEN had, in fact, contacted him regarding the unclaimed funds of The Goeden Company, and that SULLIVAN, as agent and representative of SIERRA FUNDS, looked forward to assisting both her and GOEDEN in the recovery of the funds.

15. Thereafter, SIERRA FUNDS retained the services of WALD, a licensed California attorney, who then filed the Motion for Disbursement of Unclaimed Funds on December 20, 2010. The motion filed by WALD includes a declaration by SULLIVAN, who states under penalty of perjury, that GOEDEN is the sole director and shareholder of The Goeden Company, and an affidavit by GOEDEN, who states that he owned 100% of the shares of The Goeden Company. However, no mention is made as to PLAINTIFF or her rightful interest in the funds.

16. Not having heard anything from SULLIVAN or SIERRA FUNDS following the October 20, 2010 telephone conversation, PLAINTIFF contacted SULLIVAN by email on May 4, 2011.

17. The following day, on May 5, 2011, SULLIVAN responded to PLAINTIFF, informing her that GOEDEN had contacted SULLIVAN and SIERRA FUNDS informing them that he was the 100% owner of The Goeden Company, and further that the divorce settlement had not affected this ownership. Based on this representation and doing no further discovery, SIERRA FUNDS, with the assistance of SULLIVAN and WALD, successfully recovered $379,013.24 not claimed by creditors, and the full payment, less SIERRA FUNDS' recovery fee, was sent to GOEDEN.

18. On June 2, 2011, a formal demand was made by PLAINTIFF to GOEDEN for one-half (½) of the payment sent to GOEDEN, the one-half representing PLAINTIFF's one-half community property interest therein.

### FIRST CAUSE OF ACTION

### Breach of Implied Contract

[Against Defendants SULLIVAN and SIERRA FUNDS]

19. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

20. On October 20, 2010, a contract was formed between PLAINTIFF and SIERRA FUNDS. When SULLIVAN, as employee and agent of SIERRA FUNDS, represented that SIERRA FUNDS and himself, "looked forward to working with [PLAINTIFF and GOEDEN] in the recovery of funds on deposit for The Goeden Company," an implied contract was formed.

21. PLAINTIFF informed SULLIVAN that The Goeden Company had been formed during her marriage to GOEDEN, and that she had been the Secretary and Treasurer of The Goeden Company for the entirety of the company's existence. Based on this, SULLIVAN informed PLAINTIFF that she and GOEDEN, together, would be the successors in interest to the recovered funds.

22. Based on such representations and actions an implied contract was formed, which obligated SIERRA FUNDS to fulfill the terms of the contract and recover funds on behalf of PLAINTIFF and GOEDEN, jointly.

23. SULLIVAN and SIERRA FUNDS breached the terms of the contract with PLAINTIFF by recovering the unclaimed funds of The Goeden Company and turning over those funds to GOEDEN, only.

24. SULLIVAN and SIERRA FUNDS failed to make any further inquiry into PLAINTIFF's known community property interest, or protect such interest, after Defendant GOEDEN alleged he was the sole shareholder.

25. As a result of the actions and omissions of SULLIVAN and SIERRA FUNDS, PLAINTIFF has been damaged in an amount not less than $189,506.62.

## SECOND CAUSE OF ACTION

### False Promise

[Against Defendants SULLIVAN and SIERRA FUNDS]

26. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

27. Defendants, SULLIVAN and SIERRA FUNDS, made a promise to PLAINTIFF, to assist her as a successor in interest in the recovery of unclaimed funds from the bankruptcy of The Goeden Company. Such promise was important, and integral, to the formation of the contract between PLAINTIFF and SIERRA FUNDS.

28. PLAINTIFF's reliance on such a promise was justified and reasonable.

29. Defendants, SULLIVAN and SIERRA FUNDS, failed to perform their promised act, namely representing PLAINTIFF in the recovery of the unclaimed funds from the bankruptcy of The Goeden Company.

30. As a result of Defendants, SULLIVAN and SIERRA FUNDS, failure to perform, PLAINTIFF was harmed, in an amount not less than $189,506.62.

31. Such promises were made with a clear and obvious intent to hinder, delay and defraud the PLAINTIFF, and were intentional acts that were willful, malicious, wanton and oppressive, undertaken with the intent to defraud, and justify exemplary and punitive damages according to proof at time of trial.

## THIRD CAUSE OF ACTION

### Concealment

[Against Defendant GOEDEN]

32. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

33. Defendant GOEDEN intentionally failed to disclose to SIERRA FUNDS that PLAINTIFF had a community property interest in The Goeden Company, and therefore was a successor in interest.

34. PLAINTIFF's community property interest in The Goeden Company was an important fact, and Defendant GOEDEN's intentional failure to disclose PLAINTIFF's community property interest to SIERRA FUNDS made his disclosure that he was the sole stockholder of The Goeden Company deceptive.

35. As a result of Defendant GOEDEN's intentional concealment, PLAINTIFF was harmed, in an amount not less than $189,506.62.

36. Such concealment was made with a clear and obvious intent to hinder, delay and defraud the PLAINTIFF, and were intentional acts that were willful, malicious, wanton and oppressive, undertaken with the intent to defraud, and justify exemplary and punitive damages according to proof at time of trial.

## FOURTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Relations

[Against Defendant GOEDEN]

37. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

38. PLAINTIFF had been contacted by, and had formed a contract, with SULLIVAN and SIERRA FUNDS to permit SIERRA FUNDS to collect on PLAINTIFF's behalf, unclaimed funds from The Goeden Company bankruptcy.

39. Defendant GOEDEN knew this, as PLAINTIFF was informed that GOEDEN had contacted SULLIVAN and SIERRA FUNDS to seek out SIERRA FUNDS' assistance in recovering the same unclaimed funds.

40. GOEDEN, having been informed that SULLIVAN and SIERRA FUNDS had reached out to PLAINTIFF prior to their contact with him, intended to disrupt the contractual relationship between PLAINTIFF and SIERRA FUNDS. He did so by failing to inform SULLIVAN and SIERRA FUNDS that The Goeden Company, incorporated during marriage, was a community property asset, half of which belonged to PLAINTIFF.

41. As a result of GOEDEN's wrongful conduct in intentionally failing to disclose PLAINTIFF's community property interest in The Goeden Company, PLAINTIFF's relationship with SULLIVAN and SIERRA FUNDS was disrupted and resulted in harm to the PLAINTIFF. PLAINTIFF was harmed in an amount not less than $189,506.62.

42. Such actions and omissions on the part of GOEDEN were done with a clear and obvious intent to hinder, delay and defraud the PLAINTIFF, and were intentional acts that were willful, malicious, wanton and oppressive, undertaken with the intent to defraud, and justify exemplary and punitive damages according to proof at time of trial.

COMPLAINT

# FIFTH CAUSE OF ACTION

## Negligent Interference with Prospective Economic Relations

[Against Defendants GOEDEN and WALD]

43. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

44. PLAINTIFF and SIERRA FUNDS formed a contract that would have resulted in future economic benefit to the PLAINTIFF.

45. Attorney WALD, a licensed California attorney, was hired by SIERRA FUNDS, a Washington corporation, to seek recovery of the unclaimed funds from The Goeden Company bankruptcy. Having been hired to represent SIERRA FUNDS, WALD knew, or should have known, that PLAINTIFF had a community property interest in The Goeden Company and therefore was a successor in interest to the assets of the company, such a fact was readily known to SULLIVAN and SIERRA FUNDS.

46. GOEDEN also knew, or should have known, of the economic relationship that existed between PLAINTIFF and SIERRA FUNDS as SIERRA FUNDS had contacted, or been contacted by, both PLAINTIFF and GOEDEN in relation to the unclaimed funds of The Goeden Company. Further, it was PLAINTIFF who had supplied GOEDEN's contact information to SULLIVAN and SIERRA FUNDS, and had informed them that The Goeden Company was a community property asset that required both PLAINTIFF and GOEDEN's authorization to act.

47. WALD and GOEDEN knew, or should have known, that PLAINTIFF's economic relationship with SIERRA FUNDS would be disrupted if they failed to act with reasonable care.

48. WALD failed to act with reasonable care and engaged in wrongful conduct by failing to inquire into and protect PLAINTIFF's community property interest, despite the fact that WALD knew or should have known that The Goeden Company was formed during marriage.

49. GOEDEN also failed to act with reasonable care by purposefully engaging in wrongful conduct. He knew The Goeden Company had been formed during marriage, and he knew that the divorce judgment had been silent on the issue of division of this asset, therefore PLAINTIFF had never been awarded her community property interest in the asset.

50. As a result of the wrongful conduct of WALD and GOEDEN, PLAINTIFF's economic relationship with SULLIVAN and SIERRA FUNDS was disrupted, and resulted in harm to PLAINTIFF. PLAINTIFF was harmed in an amount not less than $189,506.62.

### SIXTH CAUSE OF ACTION

**Professional Negligence**

[Against Defendant WALD]

51. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

52. WALD, a licensed California attorney, was retained by SIERRA FUNDS to represent the interests of the successors in interest to The Goeden Company. As agent for SIERRA FUNDS, the knowledge which SIERRA FUNDS held is imputed to WALD. Specifically, SIERRA FUNDS knew that The Goeden Company was a community property asset in which PLAINTIFF held a one-half (½) interest.

53. WALD owed an equal duty to all those successors in interest to The Goeden Company.

54. WALD, acting within the scope of his employment as attorney for SIERRA FUNDS when he moved to seek distribution of unclaimed funds of The Goeden Company, failed to exercise reasonable care in protecting PLAINTIFF's community property interest.

55. As a result of WALD's breach of his duty as an attorney, PLAINTIFF was harmed in an amount not less than $189,506.62.

### SEVENTH CAUSE OF ACTION

**Conversion**

[Against All Defendants]

56. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

57. PLAINTIFF, as a successor in interest to The Goeden Company, had a right to possess one-half (½) of the unclaimed funds remaining in the bankruptcy of The Goeden Company.

58. Defendant SIERRA FUNDS intentionally and substantially interfered with PLAINTIFF's property by failing to protect her one-half (½) community property interest and purposefully disposing of said funds to a party not the PLAINTIFF, despite knowing The Goeden Company was a community property asset.

59. Defendant SULLIVAN intentionally and substantially interfered with PLAINTIFF's property by failing to protect her one-half (½) community property interest, despite being told by PLAINTIFF that she was an officer of The Goeden Company and owned a one-half (½) community property interest in the company.

60. Defendant GOEDEN intentionally and substantially interfered with PLAINTIFF's property by wrongfully taking possession of PLAINTIFF's one-half (½) of the recovered funds from The Goeden Company bankruptcy, and refusing after demand was made, to return the funds to PLAINTIFF.

61. Defendant WALD, in failing to exercise reasonable diligence, prevented PLAINTIFF from having access to her one-half (½) community property share of the recovered funds from The Goeden Company bankruptcy.

62. PLAINTIFF did not consent for any of the aforementioned Defendants to take possession of, or prevent her from taking possession of, her one-half (½) community property share of the recovered funds from The Goeden Company bankruptcy.

63. As a result of Defendants SULLIVAN, SIERRA FUNDS, GOEDEN, and WALD's wrongful acts and omissions, PLAINTIFF was harmed in an amount not less than $189,506.62.

64. Such actions and omissions on the part of Defendants SULLIVAN, SIERRA FUNDS, GOEDEN, and WALD were done with a clear and obvious intent to hinder, delay and defraud the PLAINTIFF, and were intentional acts that were willful, malicious, wanton and oppressive, undertaken with the intent to defraud, and justify exemplary and punitive damages according to proof at time of trial.

# EIGTH CAUSE OF ACTION

## Conspiracy to Commit Fraud

[Against All Defendants]

65. PLAINTIFF re-alleges and incorporates by reference all prior allegations as if fully set forth herein.

66. Defendants, and each and every one of them, were aware that the other planned to prevent PLAINTIFF from being able to take possession of her one-half (½) community property interest in the recovered funds from The Goeden Company bankruptcy.

67. Defendants, and each and every one of them, agreed with the other and intended that the fraud be committed to prevent PLAINTIFF from being able to take possession of her one-half (½) community property interest in the recovered funds from The Goeden Company bankruptcy.

68. As a result of Defendants SULLIVAN, SIERRA FUNDS, GOEDEN, and WALD's wrongful acts and omissions, PLAINTIFF was harmed in an amount not less than $189,506.62.

69. Such actions and omissions on the part of Defendants SULLIVAN, SIERRA FUNDS, GOEDEN, and WALD were done with a clear and obvious intent to hinder, delay and defraud the PLAINTIFF, and were intentional acts that were willful, malicious, wanton and oppressive, undertaken with the intent to defraud, and justify exemplary and punitive damages according to proof at time of trial.

///

///

///

///

- 12 -

WHEREFORE, PLAINTIFF prays for judgment in her favor and against Defendants, and each of them as follows:

1. For compensatory damages against Defendants, jointly and severally, in an amount to be proven at trial, but not less than $189,506.62;
2. For interest at the legal rate;
3. For exemplary and punitive damages;
4. For reasonable attorney's fees and costs of suit incurred herein; and,
5. For such other and further relief as the Court may deem just and proper.

Dated: 4/12/12

LEGATE LAW CORPORATION

By: _____
Robert J. Legate, Esq.
Attorney for Plaintiff, Betty Jo Goeden de Philippis

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### SACV12- 574 CJC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

ORIGINAL

Name & Address:
Robert J. Legate, Esq. (CSBN 94110)
Legate Law Corporation
5000 Birch Street, Suite 405
Newport Beach, CA 92660
Telephone: (949) 724-1770

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BETTY JO GOEDEN DE PHILIPPIS, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV12-574 CJC(MLGx) |
| v. | |
| MICHAEL SULLIVAN, an individual; CAPITAL RESEARCH GROUP, INCORPORATED D/B/A SIERRA FUNDS RECOVERY, INC., a Washington Corporation; GERALD F. GOEDEN, an individual; STUART J. WALD, an individual; and DOES 1 through 10, inclusive    DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Robert J. Legate__, whose address is __5000 Birch Street, Suite 405, Newport Beach, CA  92660__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __APR 16 2012__

Clerk, U.S. District Court

By: __NANCY INTERIANO__
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BETTY JO GOEDEN DE PHILIPPIS, an individual | MICHAEL SULLIVAN, an individual; CAPITAL RESEARCH GROUP, INC. d/b/a SIERRA FUNDS RECOVERY, INC., a Washington corporation; GERALD F. GOEDEN, an individual; STUART J. WALD, an individual; and DOES 1 through 20. |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Robert J. Legate, Esq. (CSBN 94110); Legate Law Corporation 5000 Birch Street, Suite 405, Newport Beach, CA 92660 Telephone: (949) 724-1770 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ MONEY DEMANDED IN COMPLAINT: $ 189,506.62

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. 1332 (Breach of Contract, Fraud, Professional Negligence, Conspiracy, Intentional Interference with Economic Relations, Conversion)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:   Case Number:   **SACV12-574 CJC(MLGx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                                           CIVIL COVER SHEET                                                           Page 1 of 2

COPY TO CONFORM

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Riverside County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Riverside County, California<br>State of Washington<br>State of Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Orange, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  4/12/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |